**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------x Civil Index No.
DWIGHT DAVIDSON,

                            **COMPLAINT**

                     Plaintiff,

                                    Jury Trial Demanded

          - against -

SERGEANT HENRY DAVERIN, Tax No.
945645, POLICE OFFICER MELCHOR
ALBAN, Tax No. 939851 and
CITY OF NEW YORK,

                     Defendants.
------------------------------------x

          Plaintiff, complaining of the defendants herein, by his
attorney, S. DAVID OLARSCH, ESQ., respectfully set forth and allege
as follows:

### NATURE OF THE ACTION

          1. This is an action to recover money damages arising out
of the violation of plaintiff's rights under the Constitution.

### JURISDICTION AND VENUE

          2. This action is brought pursuant to 42 U.S.C. Sections
1983 and 1988 and the Fourth, Fifth, Sixth and Fourteenth
Amendments to the Constitution of the United States.

          3. The jurisdiction of this Court is predicated upon 28
U.S.C. Sections 1331 and 1343.

          4. Venue is proper in this district pursuant to 28
U.S.C. Sections 1391 (b) and (c).

## JURY DEMAND

5.   Plaintiff demands a trial by jury in this action.

## PARTIES

6.   Plaintiff, Dwight Davidson ("Plaintiff" or "Mr. Davidson") is a resident of Kings County in the City and State of New York.

7.   Defendant, Police Sergeant Henry Daverin, Tax No. 945645 ("Daverin") at all times relevant herein, was an officer, employee and agent of the New York City Police Department (Hereinafter "NYPD").  Defendant Daverin is sued in his individual and official capacities.

8.   Defendant, Police Officer Melchor Alban, Tax No. 939851 ("Alban")at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Alban is sued in his individual and official capacities.

9.   At all times relevant defendants Daverin and Alban were police officers or supervisors employed by the NYPD.

10.   At all times relevant herein, defendants and Daverin and Alban, were acting as agents, servants and employees of the City of New York and the NYPD.

11.   At all times relevant herein, all individual defendants were acting under color of state law.

12.   At all times mentioned herein, defendant, CITY OF NEW YORK was and still is a municipal corporation duly organized

2

and existing under and by virtue of the laws of the State of New York.

13.   At all times hereinafter mentioned, NEW YORK CITY POLICE DEPARTMENT ("NYPD") was and still is an agency and/or department of the defendant CITY OF NEW YORK.

14.   Defendant, CITY OF NEW YORK maintains the NEW YORK CITY POLICE DEPARTMENT, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, CITY OF NEW YORK.

15.   At all times relevant to this action, defendants SERGEANT HENRY DAVERIN,annd POLICE OFFICER MELCHOR ALBAN, were employed by the New York City Police Department to perform duties in the City of New York.

16.   That at all times relevant to this complaint, the defendants, either personally or through their employees, were acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York and pursuant to their authority as police personnel.

17.   Each and all of the acts of the defendants alleged herein were performed by said defendants while acting within the scope of their employment.

## STATEMENT OF FACTS

18.  That on or about the time between June 2014 and June 2015 plaintiff was lawfully in the vicinity of 3038 Atlantic Avenue, Brooklyn, N.Y. and/or the PACIFIC HALL INC.

19.  Plaintiff, while not employed at PACIFIC HALL INC., picks up bottles in the hall when asked by the owner.

20.  On three separate occasions during the aforementioned time period, plaintiff was unlawfully detained and arrested, assaulted, and thereafter prosecuted on the false charges of disorderly conduct, obstructing governmental administration and violations of the Alcohol and Beverage Control Act by defendants.

21.  Defendants detained, arrested, assaulted and thereafter brought false charges in order to send a message to the owner of PACIFIC HALL INC. to contact the defendants to reach a monetary accommodation regarding the establishment.

22.  Defendants repeatedly told the plaintiff to have the owner of PACIFIC HALL INC. contact them.

23.  Defendant, Daverin, did provide his private cell phone number to plaintiff to arrange said contact.

24.  Without reasonable suspicion or probable cause to believe that plaintiff had committed a crime, defendants handcuffed the plaintiff, searched him and put him in a police vehicle.

25.  Plaintiff was taken to the 75th Precinct on all three arrests.  On at least one occasion, he was taken to Central Booking.

26.  At the precinct, the officers falsely informed members of the Kings County District Attorney's Office that they had observed plaintiff engaged in the aforementioned criminal conduct and prepared false paperwork.

27.  At no point did the officers observe plaintiff commit a crime.

28.  On two occasions, the charges were dismissed at the 75th Precinct.

29.  On the remaining occasion, charges were dismissed by the Court and/or Kings County District Attorney's Office.

30.  All charges against the plaintiff were dismissed and/or dropped.

31.  Plaintiff spent at least twenty four hours in custody and then was released.

32.  Plaintiff suffered damages as a result of defendant's actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, pain, anxiety, embarrassments, humiliation, and damage to his reputation.

## FIRST CLAIM
### UNLAWFUL STOP AND SEARCH

33.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated 42 U.S.C. Sections 1983 and 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States because they stopped and searched plaintiff without reasonable suspicion.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### FALSE ARREST

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants violated 42 U.S.C. Sections 1983 and 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States because they arrested plaintiff without probable cause.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The individual defendants created false evidence against plaintiff.

41. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

42.   In creating false evidence against plaintiff, and forwarding false information to prosecutors, the individual defendants violated 42 U.S.C. Sections 1983 and 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and the plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

43.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### FAILURE TO INTERVENE

44.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.   Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

46.   Accordingly, the defendants who failed to intervene violated 42 U.S.C. Sections 1983 and 1988 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

47.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendant, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. SS 1988; and

(d) Such other and further relief as this Court deems just and proper.


Dated: September 15, 2016
       New York, New York



                         LAW OFFICES OF S. DAVID OLARSCH, P.C.


                         _____
                         SACKS DAVID OLARSCH (SDO-
                         160 Broadway, Suite 500
                         New York, N.Y. 10038
                         (212)267-7565

                         Attorney for plaintiff

## ATTORNEY'S VERIFICATION

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record for the plaintiff.

I have read the annexed Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge is based upon the following:

Interviews and/or discussions with the plaintiff(s) and papers and/or documents in the file.

The reason I make this affirmation instead of plaintiff(s) is because said plaintiff resides outside of the county from where your deponent maintains his office for the practice of law.


Dated: September 15, 2016
     New York, New York


SACKS DAVID OLARSCH

Civil Index No.:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DWIGHT DAVIDSON,

                Plaintiff,

       - against -

Sergeant HENRY DAVERIN, Tax No.
945645, Police Officer MELCHOR
ALBAN, Tax No. 939851 and
CITY OF NEW YORK,
                Defendants.

**SUMMONS AND COMPLAINT**

**LAW OFFICES OF S. DAVID OLARSCH, P.C.**
*Attorneys for Plaintiff(s)*
**160 Broadway - Suite 500**
**New York, New York 10038**
**(212)267-7565**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney
admitted to practice in the courts of the State of New York,
certifies that, upon information and belief and after reasonable
inquiry, the contentions contained in the annexed document are
not frivolous.

Dated: September 15, 2016

                Signature: _____
                         Sacks David Olarsch

To:

Service of a copy of the within is hereby admitted.

Attorney for Plaintiff